UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DOE, by His Parents and Next Friends, JAMES DOE and JANE DOE and CASEY ROE, by Her Mother and Next Friend, BARBARA ROE,<br><br>Plaintiffs,<br><br>v.<br><br>AYLA GAVINS, JENERRA WILLIAMS, NAKIA KEIZER, and THE CITY OF BOSTON,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-CV-10702-ADB |

**PLAINTIFFS' OPPOSITION TO DEFENDANT AYLA GAVINS' MOTION FOR LEAVE TO AMEND HER ANSWER TO THE PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs respectfully request that this Court deny Defendant Ayla Gavins' Motion for Leave to Amend Her Answer to the Plaintiffs' Amended Complaint. As grounds therefore, Plaintiffs state the following:

As stated before, this is a case involving a second group of Mission Hill School ("MHS") children to come before this Court with claims of pervasive abuse they suffered at the hands of fellow students while MHS teachers stood idly by and made excuses for conduct that was utterly intolerable and inexcusable. As principal of MHS, Ayla Gavins was the architect and ringleader of the system that created this toxic environment and allowed it to grow and flourish.

**RELEVANT PROCEDURAL BACKGROUND**

On July 23, 2022, Ms. Gavins was served with the Amended Complaint. (ECF No. 12). Pursuant to Rule 12(a)(1)(A)(i), Ms. Gavins was required to file a responsive pleading by August 15, 2022. She did not. Rather, Ms. Gavins delayed for nearly four months, finally filing her Answer on December 8, 2022. (ECF No. 28). On January 12, 2023, the Court adopted the parties'

1

recommended discovery schedule, which required that Motions to Amend the Pleadings be filed by June 13, 2023. (ECF No. 30, 36). On January 11, 2023, counsel for Ms. Gavins filed a notice of appearance for the first time. (ECF No. 35). On April 6, 2023, Ms. Gavins filed a Motion for Leave to Withdraw her Answer and File a Motion to Dismiss. (ECF No. 48). On June 8, 2023, the Court denied the Motion but allowed leave for Ms. Gavins to renew her request to amend her Answer. (ECF No. 52). Nearly three weeks later on June 27, 2023, and after the deadline for Amending Pleadings, Ms. Gavins filed the Renewed Motion for Leave to Amend her Answer. (ECF No. 53).

## ARGUMENT

**1.   Legal Standard**

First Circuit caselaw "clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.,* 524 F.3d 315, 327 (1st Cir. 2008). Unlike Rule 15(a)'s 'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party ... Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (internal citations omitted). "Prejudice to the opposing party remains relevant but is not the dominant criterion." *Id*. "[I]ndifference' by the moving party 'seal[s] off this avenue of relief" irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *Id*. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend*." ITyX Sols., AG v. Kodak Alaris, Inc*., No. 1:16-CV-10250-ADB, 2017 WL 11488483, at *1 (D. Mass. Oct. 13, 2017) (Burroughs, J.).

In addition, "among the adequate reasons for denying leave to amend are undue delay in

filing the motion and undue prejudice to the opposing party by virtue of allowance of the amendment." *Acosta–Mestre v. Hilton Int'l of Puerto Rico, Inc.,* 156 F.3d 49, 51 (1st Cir. 1998). As the Supreme Court recognized in *Foman v. Davis*, there are many other reasons for denying a motion to amend, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. 178, 182 (1962).

### 2. Ms. Gavins Cannot Show Good Cause for The Delay

As an initial matter, Defendant Ayla Gavins seeks to modify the current discovery schedule by filing a Motion for Leave to Amend her Answer two weeks after the Court-ordered deadline of June 13, 2023, to do so. (ECF No. 30). In its Order approving the parties' proposed schedule, the Court in no uncertain terms stated: "**Court approves proposed schedule but will not grant any extensions**." (ECF No. 36) (emphasis added).

In any event, Ms. Gavins' principal argument that she did not delay in seeking leave because she was not represented by counsel when she filed her Answer fails because her failure to retain counsel in a timely manner is not adequate justification for the delay. (ECF No. 54 at 2). In a similar case, *Badillo-Santiago v. Naveira-Merly*, the plaintiff sought to amend his complaint to add additional claims against the defendant. 378 F.3d 1, 7 (1st Cir. 2004). The plaintiff in that case retained counsel a year after the filing of the complaint. *Id*. Counsel filed a motion to amend the complaint a month later. *Id*. The court affirmed the lower's court's decision that the late retaining of counsel was not a sufficient excuse for the delay, stating: "[u]nder those circumstances, it was within the district court's discretion to deny the belated motion to amend." *Id*.

Here, similar to *Badillo-Santiago,* Ms. Gavins failed to retain counsel for nearly six months after being served with the Amended Complaint. Ms. Gavins' lack of effort in retaining counsel is

3

similarly not a sufficient excuse for the delay in filing the Motion for Leave. Moreover, Ms. Gavins first retained counsel in January 2023, and while it is different counsel than the one who filed the present Motion, they were from the same law firm. Therefore, the change of counsel is no excuse for the three-month further delay in filing the initial Motion for Leave. *ITyX Sols.*, *AG*, 2017 WL 11488483 at *2 (Burroughs, J.) (changing of counsel not sufficient excuse for delay).

Accordingly, where Ms. Gavins was served with the Amended Complaint over eleven months ago, delayed nearly four months in filing a responsive pleading, delayed in retaining counsel for nearly six months, further delayed in filing a Motion for Leave another three months, delayed nearly three weeks in filing the present Motion for Leave in response to the Court's June 8, 2023 Order (thereby blowing through the Court-ordered deadline to Amend Pleadings), Ms. Gavins has not shown good cause for the delay. Indeed, these facts exemplify Ms. Gavins' indifference to the Court's deadlines, which are "incompatible with the showing of diligence necessary to establish good cause." *O'Connell,* 357 F.3d at 155.

### 3. The Proposed Amendment Will Prejudice the Plaintiffs

Ms. Gavins argues that leave should be granted because the Plaintiffs will not be prejudiced by her inexcusable delay. This is simply not so. The plaintiffs have already undertaken to comply with the first deadline in the Court's scheduling order and are preparing to proceed with formal discovery—which is expected to be extensive and contentious. Indeed, the proposed schedule reflects the voluminous number of documents and witnesses which may be drawn into this litigation. For example, the Boston Public Investigation Phase I Report by the law firm Hinckley Allen, dated April 25, 2022, which the plaintiffs' amended complaint incorporates, indicates that the investigation was based on in-depth interviews of 37 current and former Mission Hill School parents, 23 current or former Mission Hill School staff or administrators, and three Boston Public employees. Additionally, the report's investigators "collected and conducted targeted reviews of

more than 2 million emails from the Boston Public and Mission Hill school email servers." With such a voluminous amount of discovery material to comb through, any late modifications to the existing discovery schedule will prejudice the Plaintiffs.

Moreover, Ms. Gavins has indicated that if the Court grants her Motion for Leave to Amend her Answer, she will file a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 49 at 3 n. 3). This sequence of events will compel Plaintiffs to brief an opposition to Ms. Gavins' Motion for Judgment on the Pleadings and create further delays and unavoidably alter the existing discovery schedule, a result the Court seemingly wanted to avoid when it warned the parties back in January that it would not alter the discovery schedule.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Ayla Gavins' Motion for Leave to Amend her Answer to the Plaintiffs' Amended Complaint.

>
> Respectfully Submitted,
>
> JOSEPH DOE, by his parents and next friends, JAMES DOE AND JANE DOE, and CASEY ROE, by her mother and next friend BARBARA ROE
>
> By: */s/ Elizabeth N. Mulvey*
> Elizabeth N. Mulvey (BBO No. 542091)
> Libby Hoopes Brooks & Mulvey, P.C.
> 260 Franklin Street, Suite 1920
> Boston, MA 02110
> Tel.: (617)-338-9300
> emulvey@lhbmlegal.com

Dated: June 29, 2023

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on June 29, 2023.

*/s/ Elizabeth N. Mulvey*
Elizabeth N. Mulvey