UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH DOE, et al., | * * * * | |
| Plaintiff, | * * | Civil Action No. 22-cv-10702-ADB |
| v. | * * | |
| AYLA GAVINS et al., | * * | |
| Defendants. | * * | |

**ORDER**

Defendant Ayla Gavins' motion to amend her answer, [ECF No. 53], is GRANTED.  Federal Rule of Civil Procedure 15(a) provides that leave to amend generally should be "freely give[n] . . . when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  "Reasons for denying leave to amend [under Rule 15(a)(2) may] include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment."  Marchand v. Town of Hamilton, No. 09-cv-10433, 2011 WL 613699, at *1 (D. Mass. Feb. 9, 2011) (citing United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009)).  In cases where a district court has issued a scheduling order under Rule 16(b) and the amendment sought contravenes a deadline imposed by the court, "Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard."  U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015) (first citing Cruz v. Bristol-Myers Squibb Co., P.R. Inc., 699 F.3d 563, 569 (1st Cir. 2012); and then citing Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir.

2008)). "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004). Under this inquiry, "[p]rejudice to the opposing party remains relevant but is not the dominant criterion." Id. Rather, "'[i]ndifference' by the moving party" may preclude leave to amend "irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." Id. (citation omitted). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial tactics and strategy . . . .'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998)). Under either standard, "[a] district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).

In her renewed motion to amend her answer, Ms. Gavins argues that the Court should grant her leave to amend because (1) when she filed her initial answer she was not represented by counsel; (2) she acted diligently to amend after retaining counsel, and moved to amend before the deadline to amend pleadings; and (3) amending her answer will not unduly delay the proceedings or prejudice plaintiffs, because the matter is still in its early stages and no party has sought discovery other than Rule 26 initial disclosures. [ECF No. 54 at 3–4]. Plaintiffs responds that Ms. Gavins did delay both in filing her original answer and in seeking leave to amend, that failure to retain counsel is no excuse, and that the Plaintiffs will suffer prejudice if she is granted leave to amend. [ECF No. 55 at 3–5].

Ms. Gavins did file her original answer nearly four months late, without seeking an extension, [ECF Nos. 12, 28]. Nevertheless, the Scheduling Order set a deadline of June 13,

2023 for amended pleadings, [ECF No. 30], and Ms. Gavins moved, prior to that deadline, on April 6, 2023, to withdraw her answer and file a motion to dismiss, or alternatively, to amend her answer. [ECF No. 48; ECF No. 49 at 3 n.3]. On June 8, 2023, the Court denied that motion, noting that Ms. Gavins had not included any argument related to her request to amend her answer or provided a proposed amended answer, but the Court also granted her leave to file a renewed motion to amend. [ECF No. 52]. On June 27, 2023, Ms. Gavins filed her renewed motion to amend, with a proposed amended answer attached. [ECF No. 53].

Given that Ms. Gavins moved to amend her answer only a couple weeks after both the Court's order granting her leave to file a renewed motion to amend and the parties' deadline to amend pleadings; the case is still in its early stages; and Ms. Gavins filed her original answer *pro se*, the Court finds leave to amend is appropriate, under either the "freely given" or "good cause" standard.[1] Ms. Gavins' motion to amend her answer, [ECF No. 53], is therefore <u>GRANTED</u>.

**SO ORDERED.**

September 27, 2023                              /s/ Allison D. Burroughs
                                                ALLISON D. BURROUGHS
                                                U.S. DISTRICT JUDGE

---

[1] Plaintiffs argue that "failure to retain counsel in a timely manner is not adequate justification for [Ms. Gavins'] delay," citing to <u>Badillo-Santiago v. Naveira-Merly</u>, 378 F.3d 1, 7 (1st Cir. 2004). [ECF No. 55 at 3]. In <u>Badillo-Santiago</u>, the First Circuit held that the district court had not abused its discretion in denying plaintiff's motion to amend his complaint to add claims, even though the motion to amend was filed shortly after plaintiff retained counsel, where: (1) the plaintiff had waited nearly a year to retain counsel, and (2) the court had already ruled on defendants' motions to dismiss. 378 F.3d at 1. <u>Badillo-Santiago</u> does not stand for the proposition that delay in finding counsel may never justify delay in moving to amend; rather that, given the case's procedural posture, it was not outside the bounds of the district court's discretion to deny plaintiff's motion to amend, despite plaintiff's failure to retain counsel. Here, the Court finds that this factor, considered along with the totality of the circumstances, warrants granting Ms. Gavins leave to amend.