UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DOE, ET ALS., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 22-CV-10702-ADB |
| | ) |
| AYLA GAVINS, ET ALS., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT, CITY OF BOSTON'S ANSWER TO PLAINITFFS' AMENDED
COMPLAINT**

The city of Boston (the "City") answers the Plaintiffs' Amended Complaint as follows:

**PARTIES and JURISDICTION**

1. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.

2. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

3. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3.

4. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4.

5. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5.

6. The City answers that paragraph 6 does not state facts, but rather presents argument for the Plaintiff's usage of pseudonyms.   To the extent a response is required, the Defendant does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 6.

7. The City answers that paragraph 7 states legal conclusions.  As to the facts alleged, the City admits that it is a municipal corporation, and that it oversees the Boston Public Schools. The City

denies the other allegations in paragraph 7 including that it is "responsible for the formulation and implementation of all official government laws, policies and procedures."

8. The City answers that paragraph 8 states legal conclusions.  As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 8.

9. The City answers that paragraph 8 states legal conclusions.  As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 9.

10. The City admits that Gavins was the principal of the MHS, and an employee of the City/BPS. As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 10.

11. The City admits that Williams was a teacher at MHS, and an employee of the City/BPS. As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 11.

12. The City admits that Nakia Keizer was a teacher at MHS, and an employee of the City/BPS. As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 12.

13.  The City answers that paragraph 13 states a legal conclusion. To the extent facts are alleged, the City admits same.

14.The City answers that paragraph 14 states a legal conclusion.  To the extent facts are alleged, the City admits same.

15. The City admits that MHS is a pilot school. As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 15.

16.  The City states that paragraph 16 states legal conclusions, and no response is required.  As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 16.

17. The City states that paragraph 17 states legal conclusions, and the City states that any document referenced speaks for itself.  As to any other facts, the City is does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 17.

18. To the extent a response is required, the Defendant does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 18.

19.To the extent a response is required, the Defendant does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 19.

20. The City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 20.

21. The City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 21.

22. The City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 22.

23. The City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 23.

24. The City answers that paragraph 24 states legal conclusions. To the extent facts are alleged, the City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 24.

25. The City answers that paragraph 25 states legal conclusions. To the extent facts are alleged, the City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 25.

26. The City answers that paragraph 26 states legal conclusions.   To the extent facts are alleged, the City does not have sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 26.

27. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27, and therefore denies same.

28. The City answers that paragraph 28 contains legal conclusions to which no response is required. To the extent facts are alleged, the City denies the facts asserted and to the extent the paragraph 28 relies on Attorney Coffey's and/or Hinkley Allen's reports,  those documents speak for themselves.

29. The City answers that paragraph 29 contains legal conclusions to which no response is required. To the extent facts are alleged, the City denies the facts asserted and to the extent the paragraph 29 relies on Attorney Coffey's and/or Hinkley Allen's reports,  those documents speak for themselves.

30. The City answers that paragraph 30 contains legal conclusions to which no response is required. To the extent facts are alleged, the City denies the facts asserted and to the extent the paragraph 30 relies on Attorney Coffey's and/or Hinkley Allen's reports,  those documents speak for themselves.

31. The City answers that paragraph 31 contains legal conclusions to which no response is required. To the extent facts are alleged, the City denies the facts asserted and to the extent the paragraph 31 relies on Attorney Coffey's and/or Hinkley Allen's reports,  those documents speak for themselves.

32. The City answers that paragraph 32 contains legal conclusions to which no response is required. To the extent facts are alleged, the City denies the facts asserted and to the extent the paragraph 32 relies on Attorney Coffey's and/or Hinkley Allen's reports, those documents speak for themselves.

33. The City answers that paragraph 33 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to their truth. To the extent the paragraph 33 relies on documents, such as "contract, evaluations, recommendations and/or annual renewals" those documents speak for themselves.

34. The City is without sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 34, and therefore denies same.

35. The City is without sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 35, and therefore denies same. To the extent paragraph 35 contains legal conclusions, the City states no response is required.

36. The City is without sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 36, and therefore denies same. To the extent paragraph 36 contains legal conclusions, the City states no response is required.

## Investigation and Recent Closure of the Mission Hill School

37. The City admits that Principal Gavins was subject to complaints and an investigation by Attorney Coffey in 2015. To the extent paragraph 37 relies on Attorney Coffey's report, that document speaks for itself. Further, the City answers that paragraph 37 contains legal conclusions to which no response is required.

38. To the extent paragraph 38 relies on Attorney Coffey's report, that document speaks for itself. The City is without sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 38.

39. The City states that any investigation conducted by the Massachusetts Department of Elementary and Secondary Education speaks for itself. The City also answers that paragraph 39 contains legal conclusions to which no response is required.

40. The City admits that Superintendent Brenda Cassellius requested another independent investigation that was conducted by Attorney Coffey. To the extent paragraph 40 relies on Attorney Coffey's report, that document speaks for itself. Further the City answers that paragraph 40 contains legal conclusions to which no response is required.

41.  The City admits that in September 2021 Superintendent Brenda Cassellius engaged the law firm of Hinckley Allen to conduct an investigation. To the extent that paragraph 41 relies on or references the report of Hinkley Allen, that report speaks for itself.

42. The City admits that on April 25, 2022 it released a redacted version of the Hinkley Allen report entitled "Investigation Conducted on Behalf of the Boston Public Schools Regarding Allegations of Inadequate Leadership and a Number of Safety Concerns, Including Bullying, Sexual Abuse and an Unsafe Enviroment."  The City admits the report is publicly available on the BPS website.  To the extent that paragraph 42 relies on the report of Hinkley Allen, that report speaks for itself.  The City also answers that the report contains legal conclusions and no response to those conclusions or findings is required. To the extent facts are alleged, the City denies same. The City reserves the right to contest and denies findings of the report.

43. The City states that no response is required as the Hinkley Allen report speaks for itself.  The City reserves all rights to contest any findings and/or conclusions of the report

44. To the extent that paragraphs 44 (a)-(f) relies on or references the report of Hinkley Allen, that report speaks for itself.  (Additional response?) The City reserves all rights to contest any findings and/or conclusions of the report.

45.  To the extent that paragraph 45  relies on or references the report of Hinkley Allen, that report speaks for itself.  The City is without  sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 45, and therefore denies same

46. The City is without  sufficient knowledge or information to form a belief as to the truth of allegations in paragraph 46, and therefore denies same

47. The City answers that paragraph 47 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without  sufficient knowledge or information to form a belief as to the truth of those allegations.

48. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and therefore denies same.

49. The City answers that paragraph 49 contains legal conclusions to which no response is required.  As to any facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 except that the City admits certain Mission Hill email accounts were deleted.

50.  The City admits that Superintendent Cassellius recommended to the BSC to close the Mission Hill School. To the extent that paragraph 50 relies on or references or quotes the report of Hinkley Allen, that report speaks for itself.  As to any remaining facts, the City denies same.


51. Admitted.

## Joseph Doe's Experience at MHS

52. The City admits that Joseph attended the MHS school.  As to remaining facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52.

53. The City admits the allegations in paragraph 53 to the extent that they allege that MHS had classrooms with combined grades with one teacher.  To the extent paragraph 53 alleges that all classrooms at MHS consisted of two combined grades and one teacher, those allegations are denied.

54. The City answers that paragraph 54 contains legal conclusions to which no response is required.  As to any facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54.

55. The City answers that paragraph 55 contains legal conclusions to which no response is required.  As to any facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55.

56. The City answers that paragraph 56 contains legal conclusions to which no response is required.  As to any facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56.

57. The City answers that paragraph 57 contains legal conclusions to which no response is required.  As to any facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57.

58. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58.

59. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59

60. The City admits that it was reported to the City that Joseph suffered a traumatic brain injury, skull fracture and concussion in April of 2016.  As to any other facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60.

61. The City admits that it was reported to the City that Joseph received treatment at Children's Hospital and a doctor from the hospital recommended a 504 Plan. As to any other facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61.

62. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62.

63. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63.

64. The City answers that "available documentation" speaks for itself and no response is required. Further, the City answers it is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64.

65. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65.

66. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66.

67. The City denies the allegations in paragraph 67 as contrary to what was reported to the City.

68. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68.

69. The City answers that paragraph 69 contains legal conclusions. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69.

70.The City answers that paragraph 70 contains legal conclusions. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70.

71. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71.

72. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72.

73. The City answers that any documents relied on speak for themselves and no response from the City is required. To the extent a response is required, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73.

74. The City answers that paragraph 74 states conclusions. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74.

75. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75.

76. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76.

77. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77.

78. The City answers that any documents relied on speak for themselves and no response from the City is required. To the extent a response is required, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78.

79. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79.

80. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80.

81. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81.

82. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82.

83. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83.

84. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84.

85. The City answers that paragraph 85 contains legal conclusion that "BPS admitted that Joseph was not safe" and states no response is required. To extent facts are alleged the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85, except that it admits Joseph went to another pilot school.

86. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86.

87. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87.

88. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88.

89. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89.

90. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90.

91.  The City answers that paragraph 91 (a)- (g) as it incorporates Exhibit "B" speaks for itself and no response is required. To the extent facts and/or conclusion are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91.

92. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 92.

93. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93.

94. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94.

95. The City answers that paragraph 95 contains legal conclusions such as that "BPS and MHS . .. acknowledged" to which no response is required. To the extent paragraph 95 relies on documents those documents speak for themselves. To the extent facts are alleged, the City denies same.

96. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96.

97. To the extent paragraph 97 relies on a Section 504 disability accommodation plan that document speaks for itself, and no response from the City is required. To the extent facts are alleged, the City denies same.

98. The City answers that paragraph 98 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98.

99. The City admits that Joseph went to another BPS pilot school.  As to any other facts, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99.

100. The City answers that paragraph 100 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100 except Joseph was placed in private out-of-district school.

101. The City answers that paragraph 101 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101.

102. The City answers that paragraph 102 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102.

103. The City answers that paragraph 103 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103.

104. The City answers that paragraph 104 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104.

105. The City answers that paragraph 105 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 105.

106. The City answers that paragraph 106 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106.

## **Casey Roe's Experience at MHS**

107. The City incorporates its response to paragraphs 1 through 106 as if fully stated herein.

108. The City answers that paragraph 108 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 108. Further, the City answers that any Individualized Education Plan speaks for itself.

109. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109.

110. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110.

111. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 111.

112. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112.

113. The City answers that paragraph 113 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113.

114. The City answers that paragraph 114 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114.

115. The City answers that paragraph 115 contains legal conclusions to which no response is required. To the extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 115.

116. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116.

117. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117.

118. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118.

119. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119.

120. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120.

121. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121.

122. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122.

123. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123.

124. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124.

125. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125.

126. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126.

127. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127.

128. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128.

129. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 129.

130. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 130.

131. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131.

132. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 132.

133. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 133.

134. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 134.

135. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 135.

136. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 136 (a)- (e).

137. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 137.

138. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 138.

139. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 139.

140. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 140.

141. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141.

142. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142.

143. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143.

144. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 144.

145. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 145.

146. Paragraph 146 states a legal conclusion- "bullying".  To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 146.

147. Paragraph 147 states legal conclusions "bullying" and "disabilities".   To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 146.

148. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 148.

149. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 149.

150. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150.

151. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 151.

152. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 152.

153. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 153.

154. The City answers that paragraph 154 states legal conclusions.   To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154.

155. The City answers that paragraph 155 states legal conclusions.   To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 155.

156. The City answers that paragraph 156 states legal conclusions.   To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 156.

157. The City answers that paragraph 157 states legal conclusions.   To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 157.

158. The City answers that paragraph 158 states legal conclusions.   To extent facts are alleged, the City is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 158.

## JOSEPH DOE'S CLAIM FOR VIOLATION OF CIVIL RIGHTS- 42 U.S.C. § 1983

## GAVINS

159. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

160. -166.  The City does not answer as these are not claims made against it.

## JOSEPH DOE'S CLAIM FOR VIOLATION OF CIVIL RIGHTS- 42 U.S.C. § 1983

## WILLIAMS

167. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

168. -173.  The City does not answer as these are not claims made against it.

## JOSEPH DOE'S CLAIM FOR VIOLATION OF CIVIL RIGHTS- 42 U.S.C. § 1983

## KEIZER

174. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

175.-180.  The City does not answer as these are not claims made against it.

## JOSEPH DOE'S CLAIM FOR VIOLATION OF CIVIL RIGHTS- 42 U.S.C. § 1983
## CITY OF BOSTON

181. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

182. The City states no response is required because paragraph 164 contains legal conclusions. To extent facts are alleged, the City denies same.

183. The City states no response is required because paragraph 183 contains legal conclusions. To extent facts are alleged, the City denies same.

184. The City states no response is required because paragraph 184 contains legal conclusions. To extent facts are alleged, the City denies same.

185. The City states no response is required because paragraph 185 contains legal conclusions. To extent facts are alleged, the City denies same.

186. The City states no response is required because paragraph 186 contains legal conclusions. To extent facts are alleged, the City denies same.

187. The City states no response is required because paragraph 187 contains legal conclusions. To extent facts are alleged, the City denies same.

## JOSEPH DOE'S CLAIM FOR VIOLATION OF TITLE IX- 20 U.S.C.§ 1681-CITY OF BOSTON

188. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

189. The City states no response is required because paragraph 189 contains legal conclusions. To extent facts are alleged, the City denies same.

190. The City states no response is required because paragraph 190 contains legal conclusions. To extent facts are alleged, the City denies same.

191. The City states no response is required because paragraph 191 contains legal conclusions. To extent facts are alleged, the City denies same.

192. The City states no response is required because paragraph 192 contains legal conclusions. To extent facts are alleged, the City denies same.

## JOSEPH DOE'S CLAIM FOR VIOLATION OF TITLE II, ADA (42 U.S.C. §12101)  AND SECTION 504 THE REHABILITATION ACT OF 1973 (29 U.S.C.§ 794) CITY OF BOSTON

193. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

194. The City states no response is required because paragraph 194 contains legal conclusions. To extent facts are alleged, the City denies same.

195. The City states no response is required because paragraph 194 contains legal conclusions. To extent facts are alleged, the City denies same.

## CASEY ROE'S CLAIM FOR VIOLATION OF CIVIL RIGHTS- 42 U.S.C. § 1983
### GAVINS

196. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

197.-202.  The City does not answer as these are not claims made against it.

## CASEY ROE'S CLAIM FOR VIOLATION OF CIVIL RIGHTS- 42 U.S.C. § 1983
### CITY OF BOSTON

203. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

204. The City states no response is required because paragraph 204 contains legal conclusions. To extent facts are alleged, the City denies same.

205. The City states no response is required because paragraph 205 contains legal conclusions. To extent facts are alleged, the City denies same.

206. The City states no response is required because paragraph 206 contains legal conclusions. To extent facts are alleged, the City denies same.

207. The City states no response is required because paragraph 207 contains legal conclusions. To extent facts are alleged, the City denies same.

208. The City states no response is required because paragraph 208 contains legal conclusions. To extent facts are alleged, the City denies same.

209. The City states no response is required because paragraph 209 contains legal conclusions. To extent facts are alleged, the City denies same.

## CASEY ROE'S CLAIM FOR VIOLATION OF TITLE IX- 20 U.S.C.§ 1681-
### CITY OF BOSTON

210. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

211. The City states no response is required because paragraph 211 contains legal conclusions. To extent facts are alleged, the City denies same.

212. The City states no response is required because paragraph 212 contains legal conclusions. To extent facts are alleged, the City denies same.

213. The City states no response is required because paragraph 213 contains legal conclusions. To extent facts are alleged, the City denies same.

### CASEY ROE'S CLAIM FOR VIOLATION OF TITLE II, ADA (42 U.S.C. §12101)  AND SECTION 504 THE REHABILITATION ACT OF 1973 (29 U.S.C.§ 794) CITY OF BOSTON

214. The City incorporates its prior responses to paragraphs 1 through 158 as if fully set forth herein.

215. The City states no response is required because paragraph 215 contains legal conclusions. To extent facts are alleged, the City denies same.

216. The City states no response is required because paragraph 216 contains legal conclusions. To extent facts are alleged, the City denies same.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Amended Complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any injury or deprivation suffered by the Plaintiffs was caused in whole or in part by the actions of a person or persons over whom the Defendant, City of Boston, had no control and for whom the Defendant, City of Boston, is not responsible and/or was acting outside the scope of his employment.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their respective damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages, if any, were proximately caused by their own negligent or intentional conduct and/or by the negligent or intentional conduct of others, and not by the conduct of the City.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Defendant, City of Boston, and/or its employees have acted reasonably, within the scope of their official discretion, in good faith, and with an objectively reasonable belief that their actions were lawful and in compliance with the laws and Constitutions of the Commonwealth of Massachusetts and the United States of America.

## SIXTH AFFIRMATIVE DEFENSE

The City's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiff cannot recover.

## SEVENTH AFFIRMATIVE DEFENSE

None of the City's acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiffs', nor were these alleged injuries or damages caused by any person or entity within the City's responsibility or control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' have not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

## NINTH AFFIRMATIVE DEFENSE

The Defendant, and/or its employees were justified in their acts or conduct and therefore the Plaintiffs cannot recover.

## TENTTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Amended Complaint were the result of supervening and intervening causes unrelated to any acts of the City.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by the acts of a third party.

## **TWELFTH AFFIRMATIVE DEFENSE**

The Complaint fails because the Defendant did not maintain an unconstitutional municipal policy.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

The Defendant, City of Boston, and/or its employees were justified in their acts or conduct and therefore the Plaintiff cannot recover.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendant was not deliberately indifferent towards the Plaintiff nor did it deprive the Plaintiffs' of any educational opportunities.

The City reserves the right to raise additional affirmative defenses as information becomes available through discovery.

## **DEMAND FOR JURY TRIAL**

Defendant, City of Boston, hereby demands a trial by jury on all issues so triable.

Respectfully submitted:

CITY OF BOSTON

by its attorney:

Adam Cederbaum
Corporation Counsel

/s/ EL Bostwick
_____
Lisa Maki BBO # 675344
Legal Advisor, Boston Public Schools,
2300 Washington Street
Roxbury, MA 02119
(617) 635-9320

lmaki@bostonpublicschools.org

Elizabeth L. Bostwick (BBO #644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031
elizabeth.bostwick@boston.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day a true copy of the above document was served upon all counsel

of record via the Court's e-mail system

__10/30/23_____        _/s/ EL Bostwick _____

Date                                        Elizabeth L. Bostwick